UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELLI ANNE BENTLEY,

      Plaintiff,

                    Case No. 7:11-CV-1109
v.                    (GTS/ATB)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

APPEARANCES:            OF COUNSEL:

CONBOY, McKAY, BACHMAN &     LAWRENCE D. HASSELER, ESQ.
KENDALL, LLP
 Counsel for Plaintiff
307 State Street
Carthage, New York 13619

SOCIAL SECURITY ADMINISTRATION  SANDRA M. GROSSFELD, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL
Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

   Currently before the Court, in this action filed by Kelli Anne Bentley ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, is the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Defendant's decision be affirmed, and that Plaintiff's Complaint be dismissed.  (Dkt. No. 16.)  For the reasons set forth below, the Report-Recommendation is adopted.

-1-

I.      **RELEVANT BACKGROUND**

      A.      **Procedural History**

Because neither party has objected to Part I of Magistrate Judge Baxter's Report-Recommendation, setting forth the procedural background of this action, the Court adopts that part's description in this Decision and Order, which is intended primarily for review of the parties. (*See generally* Dkt. No. 16, at Part I [Report-Rec].)

On September 18, 2007, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act alleging a disability as of May 1, 2000, which left her unable to work.[1] (*See* Administrative Transcript ["T."] at 147-161.)[2] After Plaintiff's application was subsequently denied by the Social Security Administration, Plaintiff appealed; and on January 6, 2010, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration (T. at 650-74), and a subsequent hearing was held by the same ALJ on July 26, 2010 (T. at 26-55).

On August 19, 2012, the ALJ issued her decision finding that Plaintiff was not disabled at any time from her amended onset date of November 5, 2004 until the expiration of her insured status on March 31, 2005. (T. at 7-25.) Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council; and on August 12, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 1-6.) On September 19, 2011, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

---

[1]     Plaintiff allegedly suffers from scoliosis, depression, and anxiety. (T. at 147-61.)

[2]     Generally, "[t]o be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705, at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

Generally, in her brief in support of her Complaint, Plaintiff asserts the following four arguments: (1) the Commissioner erred in finding that Plaintiff's depression and anxiety are not severe impairments (Dkt. No. 11, at Point I); (2) the Commissioner erred by failing to properly evaluate Plaintiff's credibility and complaints of disabling pain (*id*. at Point II); (3) the Commissioner erred in determining Plaintiff's RFC (*id*. at Point III); and (4) the Commissioner erred by failing to consider Plaintiff's appeal from the denial of her application for supplemental security income benefits from March 31, 2005, present (*id*. at Point IV).

Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these four arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 15.)

B.      **Magistrate Judge Baxter's Report-Recommendation**

On August 31, 2012, Magistrate Judge Baxter issued a Report-Recommendation recommending that Plaintiff's case be dismissed. (Dkt. No. 16.) Generally, the Report-Recommendation was based on the following findings and conclusions: (1) the ALJ properly determined, based on substantial evidence, that Plaintiff's depression and/or anxiety had only a minimal affect on her ability to perform daily activities and that medical treatment was effective in alleviating her symptoms; (2) the ALJ's finding that Plaintiff's subjective complaints of pain were inconsistent with evidence in the record, including the testimony of an independent medical examiner, was correct in all respects; (3) because there was limited record evidence of Plaintiff's physical limitations for the period in question, the ALJ requested and properly relied upon the medical examiner's updated report and RFC evaluation in determining that Plaintiff's RFC did not limit her ability to perform her prior job; and (4) Plaintiff's fourth argument cannot succeed under the circumstances (in part because she failed to appeal, and there is no duty that the staff ensure that plaintiff perfects the appeal in a timely manner). (*Id*. at Parts IV and VIII.)

Neither party filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Baxter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[3] When performing such a de novo review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2), (3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5]  Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[7]

---

credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part III of his Report-Recommendation, Magistrate Judge Baxter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No.16 at Part III.) As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

### III. ANALYSIS

After carefully reviewing all of the papers in this action, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 16.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 20, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge